UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AL HUNT, III | CIVIL ACTION |
| VERSUS | NO. 06-2413 |
| R. JAMES NICHOLSON, SECRETARY OF<br>DEPARTMENT OF VETERANS AFFAIRS | SECTION "K"(3) |

### ORDER AND OPINION

Before the Court is the "Motion in *Limine* To Exclude Evidence Related to Prior Employment History" filed on behalf of plaintiff Al Hunt, III. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, denies the motion in part and grants it in part.

It is well established that "[t]he proper standard of proof . . . [for] a Title VII retaliation claim is that the adverse employment action . . . *would not have occurred but for [the] protected conduct.*" *Strong v. University Healthcare System, L.L.C.*, 482 F.3d 802, 806 (5th Cir. 2007). The government seeks to introduce evidence concerning plaintiff Al Hunt's employment history prior to his non-selection for job announcement #05-104, specifically Defendant's Exhibits 1, 2, 3, 4, 5, 6, 7, and 8. The government contends that "once Hunt's history of 15 different jobs in 15 years, along with Hunt's prior history of leaving jobs on unfavorable terms are revealed to the jury, the jury may rightfully conclude that the VA's decision not to rehire Hunt was more probably based on legitimate reasons rather than retaliatory ones." "Defendant's Memorandum in Opposition to Plaintiff's Motion in *Limine* to Exclude Evidence of Plaintiff's Prior Employment History," p. 2.

The focus of the analysis in this case is whether Maurice Toups, the selecting officer, would have had access to Mr. Hunt's prior employment history in determining whether to select him for

the maintenance supervisor position.  The evidence is relevant, and therefore admissible, if Mr. Toups would have been able to consider it in connection with making his hiring decision.  Therefore, if the government can lay a foundation establishing that Mr. Toups had access to Mr. Hunt's prior employment history during the selection process for job announcement #05-104, then the evidence is admissible.

Of course, the Court's ruling on the admissibility of the disputed exhibits does not impact the government's ability to use information in those exhibits for impeachment purposes.

New Orleans, Louisiana, this 29th day of May, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE