**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AL HUNT, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2413** |
| **R. JAMES NICHOLSON, SECRETARY OF** | **SECTION "K"(3)** |
| **DEPARTMENT OF VETERANS AFFAIRS** | |

<u>**ORDER AND OPINION**</u>

Before the Court is the "Motion in *Limine* To Exclude Evidence/Testimony of Other Alleged Acts of Discrimination" filed on behalf of defendant R. James Nicholson, Secretary of the Department of Veterans Affairs.  Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, denies the motion in part and grants it in part.

A.  Testimony of Issac Decatur, Robert Harris, Ralph saunders, Stafford Smith, Morsie Porter, and David Washington

The testimony of these witnesses will be restricted to retaliatory statements made to them by Jeannette Butler confirming her intent to retaliate against anyone engage in protected activity.  Testimony by these witnesses addressing the basis for their own claims of discrimination is not relevant to plaintiff's claim because  absent a showing by the witness of retaliatory statements by Ms. Butler,  the claims of these witnesses are not sufficiently similar to plaintiff's to render the evidence admissible.  *See Wyvill v. united companies Life Insurance Company*, 212 F.3d 296, 302 (5th Cir. 2000).

B. Plaintiff's Exhibit 4

The motion is granted; however plaintiff may establish either through stipulation or the testimony of Ms. Butler or another competent witness that as to Mr. Saunder's claim, Equal

Employment Opportunity Commission concluded that Mr. Saunders established by a preponderance of the evidence that the unlawful animus of Ms. Butler and others motivated that actions of the Department of Veterans Affairs in suspending Mr. Saunders from his employment.

### C.  Plaintiff's Exhibit 12

The motion is denied.  Plaintiff's affidavit is relevant to the issue of whether Ms. Butler had any retaliatory animus towards plaintiff.

### D.  Plaintiff's Exhibit 14(k)

The motion is granted.  The "Privilege Log EEO Complaints" and the attached list of employees who have filed EEO Complaint Activity against Facilities Management Service Line" are not relevant.  Many entries which do not pertain to Ms. Butler, and there has been no showing that the complaints listed are sufficiently similar to provide evidence relevant to this claim. Moreover  the prejudice resulting from admission of this exhibit clearly outweighs the probative value, if any, of the exhibit.

New Orleans, Louisiana, this 28th day of May, 2008.

STANWOOD R. DUVAL, JR.

UNITED STATES DISTRICT JUDGE