**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AL HUNT, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2413** |
| **R. JAMES NICHOLSON, SECRETARY OF DEPARTMENT OF VETERANS AFFAIRS** | **SECTION "K"(3)** |

**ORDER AND OPINION**

Before the Court is the "Motion in *Limine* To Exclude Evidence/Testimony Related to Claims Previously Dismissed" filed on behalf of defendant R. James Nicholson, Secretary of the Department of Veterans Affairs. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, denies the motion in part and grants it in part.

In general, defendant's motion seeks to exclude documentary evidence as well as testimony related to plaintiff Al Hunt's claims for damages for hostile work environment/constructive discharge and retaliatory nons-selection which the Court has previously dismissed. The Court will address the challenged exhibits individually.

A. Plaintiff's Exhibit 1: The vast majority of the information on the "Complaint of Employment Discrimination" is not relevant to plaintiff's sole remaining claim, i.e., retaliatory non-selection for job announcement #05-104. However, the highlighted portion of Exhibit 1, as marked on Exhibit 1 attached hereto, is relevant to the issue of the relationship between plaintiff and Ms. Butler and whether Ms. Butler demonstrated any retaliatory animus towards plaintiff. Therefore, the Court grants defendant's motion as to Exhibit 1 except for the highlighted portion of Exhibit 1 attached hereto.

B. Plaintiff's Exhibit 2: Plaintiff has agreed to withdraw Exhibit 2. Accordingly, the motion

is denied as moot as to this exhibit.

   C.  Plaintiff's Exhibit 3: The motion is granted as to those portions of the "Complaint of Employment Discrimination" dated April 7, 2005 which address matters other than plaintiff's complaint for  retaliation by non-selection for job announcement #05-104.  The portions of the exhibit which do not address job announcement #05-104  are not relevant to the issues remaining in this suit.  However, the motion is denied as to that portion of Exhibit 3 which involves allegations of retaliatory non-selection for job announcement #05-104; any statements regarding the non-selection for job announcement #05-104 are relevant and therefore admissible.    Accordingly, plaintiff is ordered to  redact Plaintiff's Exhibit 3 to exclude all information except that related to plaintiff's complaint concerning his non-selection for job announcement #05-104.

   D.  Plaintiffs Exhibit 5: To the extent that Maurice Toups could consider the performance evaluations in determining whether to select Mr. Hunt for the maintenance supervisor position described in job announcement #05-104, the performance evaluations are relevant evidence. However, before the documents may be admitted, plaintiff, must lay a foundation that Maurice Toups had access to the performance evaluations in selecting a maintenance supervisor for job announcement #05-104.

   E.  Plaintiff's Exhibits 10 and 11:   If the letters of counseling are introduced into evidence, then plaintiff's responses to the letters constitute relevant evidence.

   F.  Plaintiff's Exhibit 12: The motion is denied.  Plaintiff's affidavit is relevant to the issue of whether Ms. Butler had any retaliatory animus towards plaintiff.

   G. Plaintiff's Exhibit 13: Plaintiff, in his memorandum in opposition  to defendant's motion does not indicate any objection to the exclusion of Exhibit 13.  Therefore, the motion is granted as

to this exhibit.

    New Orleans, Louisiana, this 28th day of May, 2008.

                                        STANWOOD R. DUVAL, JR.
                                      UNITED STATES DISTRICT JUDGE